FEUERSTEIN, J

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BROWN, M. J.

-----------------------------------------------------------------x
KBM WORLDWIDE, INC.

                  Plaintiff,

-against-

HANGOVER JOE'S HOLDING CORPORATION
AND MATTHEW VEAL,

                  Defendants.
----------------------------------------------------------------- x

Civil Action No.:
**CV-15 7254**

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 21 2015   ★

LONG ISLAND OFFICE

## COMPLAINT

Plaintiff, KBM Worldwide, Inc. ("KBM"), files this Complaint and alleges the following:

### I. SUMMARY

1. KBM brings this action for equitable relief and damages caused by violations of the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) thereunder by MATTHEW VEAL ("the Individual Defendant") and Hangover Joe's Holding Corporation ("the Corporate Defendant"), (collectively, jointly and severally, "the Defendants"). Through this action, KBM seeks to recover losses caused by the Defendants' intentional and/or reckless misconduct, including compensatory and/or rescissory damages, which losses may only be avoided if the equitable relief and injunctive relief described herein below is granted.

2. That at all relevant times, the Individual Defendant was and remains the Chairman of the Board of Directors and the Chief Executive Officer of the Corporate Defendant.

3. That KBM was an investor in the Corporate Defendant and was well-known to the Defendants. KBM's business strategy at the time of the stock purchases and loans and

issuance of notes at issue was to invest in publicly-traded, nano-cap companies whose securities are traded on the Over the Counter Bulletin Board, OTCQB and the "Pink Sheets." Nano-cap companies, such as the Corporate Defendant, are often capital-constrained, as their low market capitalization hinders their access to banks or investment firms. KBM provides capital to such companies, as an investment in return for shares purchased at a discount to market price.

4. That KBM invested $43,000 in the Corporate Defendant by purchasing securities directly from the Corporate Defendant and making loans thereto and has sustained damages of $64,500 exclusive of attorney's fees, pre judgment interest, costs and late fees.

## II. JURISDICTION AND VENUE

5. This action arises under the anti-fraud provisions of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)), and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. §240.10b-5). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Defendants, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York.

6. Venue is proper in this court pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties established by the Federal Securities Laws occurred within this judicial district. Additionally, KBM transacts business and maintains its principal place of business in this district. That further, the Corporate Defendant has contractually agreed with KBM to fix venue for any action in the State of New York, County of Nassau, which is within the Eastern District and the jurisdiction of this Court.

7. That in connection with the acts alleged in this Complaint, the Defendants directly or indirectly used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

### III. PARTIES

8. That at all times relevant herein, KBM has been and remains a corporation organized and existing under the laws of the State of New York with an office for business in the County of Nassau, not engaged in the banking business.

9. That at all times relevant herein, the Corporate Defendant has been and remains a corporation organized and existing under the laws of the State of Colorado, within an office for business in the State of Colorado, County of Douglas.

10. That at all times relevant herein, defendant the Individual Defendant has been and remains a resident of the State of Florida, County of Sarasota.

### IV.   FACTUAL ALLEGATIONS

11. That heretofore and from time to time, the Defendants have made material misrepresentations of fact to KBM, knowing that such misrepresentations were false, and upon which KBM relied and was damaged.

12. That as a result of these material misrepresentations, KBM invested $43,000 in the Corporate Defendant and sustained damages thereby.

### AS AND FOR A FIRST CAUSE OF ACTION
### PROMISSORY NOTES DEFAULTS

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12 of this Verified Complaint with the same force and effect as if fully set forth at length herein.

14. That on or about January 2, 2015, the Corporate Defendant as borrower, made, executed and delivered to the Plaintiff a convertible promissory note ("the Note") in the amount of $43,000, which Note was issued pursuant to a Securities Purchase Agreement ("the Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Corporate Defendant.

15. That both the Note and the Agreement provided that venue for any action between the parties would be the State of New York, County of Nassau.

16. That the Note provides in pertinent part that the Corporate Defendant must be and remain current in its filing obligations under the Exchange Act of 1933.

17. That the Corporate Defendant has failed to timely file its 1O-K (annual report) with the Securities and Exchange Commission ("SEC") due on March 30, 2015 covering the period ending December 31, 2014, thereby defaulting under the Note and Agreement.

18. That the Note provides, in pertinent part, that the failure to file constitutes an event of default under Section 3.2, entitling the Plaintiff to recover 150% of the outstanding principal amount of the Note together with accrued and unpaid interest and default interest.

19. That the Corporate Defendant has caused damages to the Plaintiff in an amount not less than $64,500 by failing to cure said default and Plaintiff is entitled to judgment in that amount, together with interest and default interest as set forth therein.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE CORPORATE DEFENDANT- LOAN AGREEMENT DEFAULT

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Verified Complaint as if fully set forth at length herein.

21.   That the maturity date of the Note, (October 6, 2015) has come and gone and no payment has been made despite due demand for same.

22.   That the date for payment of principal and interest under the Note has come and gone, and the Note has fully matured and payment is due for same.

23.   That by reason of the foregoing, Plaintiff has been damaged in the sum of $64,500 and is entitled to judgment against the Corporate Defendant for that sum together with default interest from the date of default.

### AS AND FOR A THIRD CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

24.   KBM repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth at length herein.

25.   **That KBM made an investment in the aggregate amount of Forty Three Thousand Dollars ($43,000.00) in the Corporate Defendant** as a result of the foregoing transactions and as a result of the Defendants' defaults and intentional wrongdoing has not received any repayment of principal or interest on the Note and has also been deprived of its rights and opportunities to convert the debt into Conversion Shares as aforesaid.

26.   That KBM's willingness to assent to the terms of the investment and the Notes, and the investment itself, was caused by the fraudulent misrepresentations of the Corporate Defendant and the Individual Defendant contained within the Note and Agreement and confirmed within resolutions of the Board of Directors of the Corporate Defendant including but not limited to the representations that the Corporate Defendant would not fail to comply with the said SEC requirements conversion of the Note, which misrepresentation was the most crucial and

5

important of all because it was always the bargained for expectation of KBM and the intention of the parties that the repayment of the Note would occur via the conversion process.

27. That upon information and belief, the Corporate Defendant and the Individual Defendant, acting in concert and based upon a conspiracy between them, made the foregoing misrepresentations with the knowledge that KBM would rely thereon, and that the Corporate Defendant had no intention to honor its obligations under the Note and Agreement. The Individual Defendant acted unilaterally and outside of the scope of his status and duties as an Officer and Director and for his own personal gain solely to hinder, delay and avoid the Corporate Defendant's conversion obligations pursuant to the Note and Agreement.

28. That as a result of the foregoing, KBM has been irreparably harmed.

29. That the Corporate Defendant's and the Individual Defendant's actions have caused damages to KBM in an amount to be determined by the Court but not less than an amount equal to $43,000 together with applicable interest thereon.

### AS AND FOR A FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT – LOST PROFITS

30. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth at length herein.

31. That as a direct result of the defaults of the Defendants and their failure to abide by their contractual obligations, KBM has been deprived of, and continues to be deprived of, the opportunity to acquire and to sell the common stock of the Corporate Defendant at a profit, which profits have been irretrievably lost as the markets for the common stock can no longer be recreated.

32. That by reason of the foregoing, KBM is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that KBM would have realized had the stock been made available and delivered to KBM in accordance with its Conversion Notice.

### AS AND FOR A FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT – LITIGATION EXPENSES

33. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth at length herein.

34. That the Agreement provides that in the event of a dispute and/or litigation between the parties, the prevailing parties shall be entitled to recover all of its litigation expenses including reasonable attorney fees.

35. That by reason of the foregoing, KBM is entitled to a judgment against Defendants for the reasonable legal fees and litigation expenses paid or incurred in this action.

### AS AND FOR A SIXTH CAUSE OF ACTION FRAUD:
### VIOLATIONS OF SECTION 10(b) of the EXCHANGE ACT
### [15U.S.C. §78j(b) and Rule 10(b)-5b THEREUNDER [17 C.F.R.§240.10b-5 (b)]

36. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth at length herein.

37. That through the foregoing conduct, the Corporate Defendant, together with and acting in concert with the Individual Defendant, knowingly and recklessly engaged in manipulation and deceptive conduct in connection with a securities transaction in violation of 15U.S.C. §78j(b) and the Rules and regulations promulgated thereunder, by failing to disclose and misrepresenting the true nature of their intentions as set forth above.

38. That the Defendants further engaged in knowing manipulation and deceptive conduct by directly representing and warranting that the Corporate Defendant and the Individual

Defendant would honor its obligations pursuant to the Note and Agreement when in truth and in fact they had no intention to do so.

39. That in reliance on the foregoing misrepresentations and material omissions by the Defendants, KBM was induced to purchase the Corporate Defendant's securities and to make loans to the Corporate Defendant as aforesaid.

40. That as a direct and proximate result of the Defendant's conduct, KBM suffered damages, in an amount to be determined by the Court, for not less than $64,500.

### AS AND FOR A SEVENTH CAUSE OF ACTION – INJUNCTIVE AND EQUITABLE RELIEF

41. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth at length herein.

42. That the total amount due to KBM is $64,500 exclusive of any additional liquidated damages, consequential damages, default interest, statutory prejudgment interest, legal fees, court costs and litigation expenses.

43. That while KBM is clearly entitled to a money judgment, the Corporate Defendant is clearly incapable of satisfying any such judgment obtained.

44. That in its most recent filing required under the Federal Securities Laws, the Corporate Defendant concedes that it has total assets that are exceeded by its total liabilities thus rendering it insolvent.

45. That the Corporate Defendant also represents therein that for that period it had a net loss and that at the end of the period, it had insufficient cash to meet its obligations, thus rendering it insolvent.

46. That the only viable avenue available to KBM to obtain repayment of the outstanding Note is by exercising its conversion rights and thereby obtaining unrestricted shares of stock in the Corporate Defendant and selling those shares on the open market.

47. That at present there is an active market for the Corporate Defendant's stock which continues to trade in significant volume.

48. That so long as that activity continues and assuming that KBM's conversion rights are not frustrated or impeded, KBM will be able to obtain the unrestricted shares, sell them in the market place, and recover the outstanding principal indebtedness owed to it as well as anticipated profits.

49. That the market for the shares of stock in the Corporate Defendant is extremely volatile, such that there can be no assurance that the current level of activity will continue to be sustained.

50. That if as and when such trading subsides or is curtailed, any shares obtained by KBM at that time will no longer be saleable, thereby preventing KBM from recovering the indebtedness due it, thereby leading to irreparable harm based on unrecoverable judgments.

51. That time is of the essence, and to prevent KBM from suffering such irreparable harm, KBM must immediately be permitted to exercise its conversion rights, and the Defendants must be immediately directed to cooperate with the same and to deliver the shares of stock at issue after complying with the SEC requirements as aforesaid.

52. That because of the nature, condition, and value of the stock which KBM seeks to acquire in this action is unique to it under the facts and circumstances presented, and because KBM will suffer and sustain irreparable damage that cannot be recovered through a money

judgment against the Defendants, KBM has no adequate remedy at law and is entitled to equitable relief.

53. That by virtue of the foregoing, KBM is entitled to and demands a judgment directing the Defendants to execute and deliver all documents necessary to complete the conversion process and to deliver the stock sought by KBM and to which it is contractually entitled in the form of a mandatory injunction.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

54. KBM repeats and realleges each and every allegation contained in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth at length herein.

55. That the Individual Defendant was fully aware at all times of the existence and the valid and binding nature of the contracts and agreements between KBM and the Corporate Defendant.

56. That the Individual Defendant intentionally and with malice aforethought caused the Corporate Defendant to breach its contractual agreements with KBM without any legal or factual justification based upon the breaches and defaults contained herein above.

57. That The Individual Defendant caused these breaches and defaults to take place for his own personal benefit and to maintain a higher stock price and stock value for his own holdings, and for his own financial benefit, and not for the benefit of the Corporate Defendant.

58. That as a result, The Individual Defendant is liable to KBM under the theory of intentional interference with contract, as the contracts at issue were in fact breached, thereby causing damages to KBM of at least $64,500.

## AS AND FOR A NINTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

59.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-58 of this Complaint with the same force and effect as if fully set forth at length herein.

60.  That at all times relevant herein, the Corporate Defendant was insolvent, as its debts exceeded its assets and it had insufficient funds to pay its debts as they became due.

61.  That as a Director of an insolvent corporation, the Individual Defendant came under a fiduciary obligation to manage the assets and affairs of the Corporate Defendant and to take such steps as were necessary to protect the interests of creditors of the Corporate Defendant, including the Plaintiff.

62.  That the Individual Defendant breached these fiduciary obligations by failing to take steps that would have protected the financial interests of the Plaintiff, thereby causing the Plaintiff financial loss and damage due to his breach of obligation.

63.  That by reason of the foregoing, the Plaintiff demands and is entitled to judgment against the Individual Defendant in the sum of $64,500 due to the Individual Defendant's breach of fiduciary duty.

WHEREFORE, KBM demands judgment against Defendants as follows:

(i)   For $64,500 on the First Cause of Action;

(ii)  For $64,500 on the Second Cause of Action;

(iii) For $43,000 on the Third Cause of Action;

(iv)  For an amount of lost profits to be determined by the Court but in no event less than $64,500 on the Fourth Cause of Action;

(v)     Awarding KBM its reasonable legal fees and costs of litigation on the Fifth Cause of Action;

(vi)    For an award of consequential damages in an amount to be determined by the Court but no less than $64,500 on the Sixth Cause of Action;

(vii)   For a temporary restraining order and a preliminary and permanent injunction against the Defendants directing that said Defendants and their agents, servants and employees immediately take all steps necessary and proper to permit the conversion of debt to stock and to deliver the stock at issue as described above on the Seventh Cause of Action;

(viii)  For $64,500 on the Eighth Cause of Action;

(ix)    For $64,500 on the Ninth Cause of Action; and

(x)     Together with the costs and disbursements of this action, interest at the rate of default as set forth in the Note; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated: Great Neck, New York
       December 21, 2015

NAIDICH WURMAN LLP

By: _____
Richard S. Naidich, Esq. (RSN 4102)
111 Great Neck Road, Suite 214
Great Neck, NY 11021
Telephone: 516-498-2900
Facsimile: 516-466-3555
Attorneys for Plaintiff –
KBM WORLDWIDE, INC.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK                 Civil Action No.:
KBM WORLWIDE, INC.,

                            Plaintiff,

     -against-

HANGOVER JOE'S HOLDING CORPORATION AND
MATTHEW VEAL,

                          Defendants.

## SUMMONS AND COMPLAINT

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED: December 21, 2015              Signature: _____
                                                        Print: Richard S. Naidich, Esq.

Service of a copy of the within            is hereby admitted.
Dated:
                                                    _____
                                                    Attorney(s) for

## PLEASE TAKE NOTICE

NOTICE      that the within is a (certified) true copy of an Order entered
OF ENTRY  in the office of the clerk of the within named Court on      , 20____.

NOTICE OF    that an Order of which the within is a true copy will be presented for
SETTLEMENT settlement to the Hon.            , one of the judges of
               within named Court, at        on      , 20____ at
               a.m.

DATED: Great Neck, New York
           December 21, 2015           NAIDICH WURMAN LLP
                                             Attorneys for Plaintiff
                                             111 Great Neck Road - Suite 214
                                             Great Neck, New York 11021
                                             (516) 498-2900