UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

KBM WORLD WIDE INC.                       :        Civil Action # CV - 15 - 7254
                              Plaintiff,   :
                                           :        **VERIFIED ANSWER**
        -against-                          :
                                           :
                                           :
HANGOVER JOE'S HOLDING CORP.               :
AND MATTHEW VEAL                           :
                                           :
_____

        DEFENDANTS, HANGOVER HOLDING CORP. hereinafter "Hangover" and

MATTHEW VEAL, hereinafter "Veal", by their attorneys  answer the complaint as follows:

1.      Answering the allegations contained in Paragraph 1, these answering Defendants

        deny each and every allegation contained in said Paragraph.

2.      Answering the allegations contained in Paragraphs 2, these answering Defendants deny

        that Veal was or is the Chairman of the Board of Hangover.

3.      Answering the allegations contained in Paragraphs 3, these answering Defendants

        deny that KBM was an investor and deny that  KBM was well known to plaintiffs.

        Defendants lacks sufficient information and belief upon which to answer remaining

        allegations.

4.      Answering the allegations contained in Paragraph 4, these answering Defendants

        denies each and every allegation contained in said Paragraph.

5.     Answering the allegations contained in Paragraph 5, these answering Defendants denies each and every allegation contained in said Paragraph.

6.     Answering the allegations contained in Paragraphs 8, these answering Defendants lacks sufficient information and belief upon which to answer  in which district plaintiff maintains its principal place of business and denies remaining allegations.

7.     Answering the allegations contained in Paragraph 7, these answering Defendants denies each and every allegation contained in said Paragraph.

8.     Answering the allegations contained in Paragraphs 8, these answering Defendants lacks sufficient information and belief upon which to answer said allegations.

9.     Answering the allegations contained in Paragraph 9, these answering Defendants denies that they have a place of business in Colorado.

10.     Answering the allegations contained in Paragraph 10,  these answering Defendants admit the allegation in paragraph 10 of the complaint.

11.     Answering the allegations contained in Paragraph 11, these answering Defendants denies each and every allegation contained in said Paragraph.

12.     Answering the allegations contained in Paragraph 12, these answering Defendants denies each and every allegation contained in said Paragraph.

13. Answering defendants repeats and reiterates each and every response contained in paragraph 1-12 of the Complaint with the same force and effect as if fully set forth herein.

14. Answering the allegations in paragraph 14, the answering defendants deny that the note was issued pursuant to a purchase agreement.

15. Answering the allegations contained in Paragraph 10, these answering Defendants admit the allegation in paragraph 15 of the complaint.

16. Answering the allegations contained in Paragraph 16, these answering Defendants denies each and every allegation contained in said Paragraph.

17. Answering the allegations contained in Paragraph 17, these answering Defendants denies each and every allegation contained in said Paragraph.

18. Answering the allegations contained in Paragraph 19, these answering Defendants deny each and every allegation contained in said Paragraph.

19. Answering the allegations contained in Paragraph 19, these answering Defendants deny each and every allegation contained in said Paragraph.

20. Answering defendants repeat and reiterate each and every response contained in paragraph 19 of the Complaint with the same force and effect as if fully set forth herein.

21.     Answering the allegations contained in Paragraphs 21, these answering Defendants lack sufficient information and belief upon which to answer said allegations.

22.     Answering the allegations contained in Paragraphs 22, these answering Defendants lack sufficient information and belief upon which to answer said allegations.

23.     Answering the allegations contained in Paragraph 23, these answering Defendants denies each and every allegation contained in said Paragraph.

24.     Answering defendants repeat and reiterate each and every response contained in paragraph 1-23 of the Complaint with the same force and effect as if fully set forth herein.

25.     Answering the allegations contained in Paragraph 25, these answering Defendants denies each and every allegation contained in said Paragraph.

26.     Answering the allegations contained in Paragraph 26, these answering Defendants denies each and every allegation contained in said Paragraph.

27.     Answering the allegations contained in Paragraph 27, these answering Defendants deny each and every allegation contained in said Paragraph.

28.     Answering the allegations contained in Paragraph 28, these answering Defendants denies each and every allegation contained in said Paragraph.

29.     Answering the allegations contained in Paragraph 29, these answering Defendants deny each and every allegation contained in said Paragraph.

30.     Answering the allegations contained in Paragraph 30, these answering Defendants deny each and every allegation contained in said Paragraph.

31.     Answering the allegations contained in Paragraph 31, these answering Defendants deny each and every allegation contained in said Paragraph.

32.     Answering the allegations contained in Paragraph 32, these answering Defendants deny each and every allegation contained in said Paragraph.

33.     Answering Defendants repeat and reiterate each and every response contained in paragraph 1-32 of the Complaint with the same force and effect as if fully set forth herein.

34.     Answering the allegations in paragraph 34, these answering Defendants deny each and every allegation contained in said Paragraph.

35.     Answering the allegations contained in Paragraph 35, these answering Defendants deny each and every allegation contained in said Paragraph.

36.     Answering defendants repeat and reiterate each and every response contained in paragraph 1-35 of the Complaint with the same force and effect as if fully set forth herein.

37.     Answering the allegations contained in Paragraph 37, these answering Defendants deny each and every allegation contained in said Paragraph.

38.     Answering the allegations contained in Paragraph 38, these answering Defendants deny each and every allegation contained in said Paragraph.

39.     Answering the allegations contained in Paragraph 39, these answering Defendants deny each and every allegation contained in said Paragraph.

40.     Answering the allegations contained in Paragraph 40, these answering Defendants deny each and every allegation contained in said Paragraph.

41.     Answering defendants repeat and reiterate each and every response contained in paragraph 1-35 of the Complaint with the same force and effect as if fully set forth herein.

42.     Answering the allegations contained in Paragraph 42, these answering Defendants deny each and every allegation contained in said Paragraph.

43.     Answering the allegations contained in Paragraph 43, these answering Defendants deny each and every allegation contained in said Paragraph.

44.     Answering the allegations contained in Paragraphs 44, these answering Defendants lack sufficient information and belief upon which to answer said allegations.

45.     Answering the allegations contained in Paragraphs 45, these answering Defendants

lack sufficient information and belief upon which to answer said allegations.

46.     Answering the allegations contained in Paragraph 46, these answering Defendants deny each and every allegation contained in said Paragraph.

47.     Answering the allegations contained in Paragraphs 47, these answering Defendants lack sufficient information and belief upon which to answer said allegations.

48.     Answering the allegations contained in Paragraphs 48, these answering Defendants lack sufficient information and belief upon which to answer said allegations.

49.     Answering the allegations contained in Paragraphs 49, these answering Defendants lack sufficient information and belief upon which to answer said allegations.

50.     Answering the allegations contained in Paragraphs 50, these answering Defendants lack sufficient information and belief upon which to answer said allegations.

51.     Answering the allegations contained in Paragraph 51, these answering Defendants deny each and every allegation contained in said Paragraph.

52.     Answering the allegations contained in Paragraph 52, these answering Defendants deny each and every allegation contained in said Paragraph.

53.     Answering the allegations contained in Paragraph 53, these answering Defendants deny each and every allegation contained in said Paragraph.

54.     Answering defendants repeat and reiterate each and every response contained in paragraph 1-53 of the Complaint with the same force and effect as if fully set forth herein.

55.     Answering the allegations contained in Paragraph 55, these answering Defendants deny each and every allegation contained in said Paragraph.

56.     Answering the allegations contained in Paragraph 56, these answering Defendants deny each and every allegation contained in said Paragraph.

57.     Answering the allegations contained in Paragraph 57, these answering Defendants deny each and every allegation contained in said Paragraph.

58.     Answering the allegations contained in Paragraph 58, these answering Defendants deny each and every allegation contained in said Paragraph.

59.     Answering defendants repeat and reiterate each and every response contained in paragraph 1-58 of the Complaint with the same force and effect as if fully set forth herein.

60.     Answering the allegations contained in Paragraph 60, these answering Defendants deny each and every allegation contained in said Paragraph.

61.     Answering the allegations contained in Paragraph 61, these answering Defendants

deny each and every allegation contained in said Paragraph.

62.     Answering the allegations contained in Paragraph 62, these answering Defendants deny each and every allegation contained in said Paragraph.

63.     Answering the allegations contained in Paragraph 63, these answering Defendants deny each and every allegation contained in said Paragraph.

FIRST AFFIRMATIVE DEFENSE

64.      Plaintiff is barred in whole or in part form prosecuting the claims set forth in the complaint due to lack of subject-matter jurisdiction;

SECOND AFFIRMATIVE DEFENSE

65.      Plaintiff is barred in whole or in part form prosecuting the claims set forth in the complaint due to lack of personal jurisdiction;

THIRD AFFIRMATIVE DEFENSE

66.      Plaintiff is barred in whole or in part form prosecuting the claims set forth in the complaint due to improper venue;

FOURTH AFFIRMATIVE DEFENSE

67.      Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to insufficient process;


## FIFTH AFFIRMATIVE DEFENSE

68.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to insufficient service of process;

## SIXTH AFFIRMATIVE DEFENSE

69.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to failure to state a claim upon which relief can be granted; and


## SEVENTH AFFIRMATIVE DEFENSE

70.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to failure to join a party under Rule 19.

## EIGHTH AFFIRMATIVE DEFENSE


71.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to Illegality including:

   A)usury

   B)10(b)5 market manipulation; manipulative and deceptive practices


## NINTH AFFIRMATIVE DEFENSE

72.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to lack of standing

## TENTH AFFIRMATIVE DEFENSE

73.     Plaintiff is barred in whole or in part form prosecuting the claims set forth in the complaint due to the unconscionable terms of the contract.

## ELEVENTH AFFIRMATIVE DEFENSE

74.     Plaintiff is barred in whole or in part from prosecuting the claims set forth in the complaint due to usury.

## TWELFTH AFFIRMATIVE DEFENSE

75.     Plaintiff is barred in whole or in part from prosecuting the claims set forth in the complaint due to duress.

## THIRTEENTH AFFIRMATIVE DEFENSE

76.     Plaintiff is barred in whole or in part form prosecuting the claims set forth in the complaint due to Doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

77.     Plaintiff is barred in whole or in part form prosecuting the claims set forth in the complaint due to failure of consideration.

## FIFTEENTH AFFIRMATIVE DEFENSE

78.     Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to fraud;

## SIXTEENTH AFFIRMATIVE DEFENSE

79.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to laches;

## SEVENTEENTH AFFIRMATIVE DEFENSE

80.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to license, or lack thereof;

## EIGHTEENTH AFFIRMATIVE DEFENSE

81.   Plaintiff is barred in whole or in part form prosecuting the claims set forth in the complaint

due to payment;

## NINETEENTH AFFIRMATIVE DEFENSE

82.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to the statute of frauds;

## TWENTIETH AFFIRMATIVE DEFENSE

83.    Plaintiff is barred in whole or in part form prosecuting the claims set forth in the

complaint due to waiver.

FACTS RELEVANT TO COUNTERCLAIMS

84.     Plaintiff  developed  a  scheme whereby it preys upon publicly trading companies in

desperate need of operating capital and makes usurious loans convertible into common stock .

85.     Plaintiff set up its "loan arrangements" with defendant with the intent  to convert the

defendant's debt into publicly trading stock at a usurious rate of interest.

86.     Plaintiff assured defendant that it would not convert defendants' stock and would, rather,

work with defendant to avoid enforcing the illegal usurious terms of the agreement.

87.     As a result of the subject loan agreement, plaintiff is attempting to usurp common trading

stock from the defendant and then, effectively, dump it into the market and drive the

price of defendant's stock into near oblivion while enjoying substantial profit.

88.     The Plaintiff knowingly, intentionally and willfully advanced sums to the Defendants

which it was aware could not be repaid.

89.     The Plaintiff knowingly, intentionally and willfully advanced such sums to the

Defendants upon oppressive, usurious, improper, unlawful and unfair terms.

90.     The Plaintiff knowingly, intentionally and willfully advanced such sums to the

Defendants with the understanding that they were under extreme economic duress and would

accede to any terms that the Plaintiff dictated.

91.     The Plaintiff knowingly, intentionally and willfully advanced such sums with the

understanding that it would receive trading common stock well in excess of the value of the

purported loans so that it could then engage in  illicit and detrimental trading of such stock, all

to its own benefit and all to the detriment of the Defendants.


FIRST COUNTERCLAIM


92.     FRAUDULENT MISREPRESENTATION

a)Plaintiffs made aforesaid representation to defendants concerning the loan and the agreement,

   and the Plaintiff and its affiliates such that

b)said representations were false;

c)that when made, the representations were known to be false or made recklessly without

   knowledge of its truth;

d)that said representations were made with the intention that the defendants rely on them;

e)that the defendants did rely on them; and

f)that the defendants suffered damages as a result thereof.


SECOND COUNTERCLAIM


93.     VIOLATION OF NY PENAL LAW §190.40 (CRIMINAL USURY)

a)that the costs of plaintiffs loans bore interest in excess of 150%

b)that said interest rate exceeds the maximum rate allowable in New York State

c)that Defendants are damaged as a result thereof

THIRD COUNTERCLAIM

94.    FRAUDULENT INDUCEMENT

a)that Plaintiffs made knowing misrepresentation of material facts relating to loans made to

  defendants;

b)that Plaintiffs had intention to deceive defendants;

c)that defendants relied on said misrepresentations; and

d)defendants suffered injury therefrom

FOURTH COUNTERCLAIM

95.    TORTIOUS INTERFERENCE

a)Plaintiff caused Defendants to retain auditors, brokers, accountants; and

b)Plaintiff required Defendants to pay said professionals fees and costs

c)that Plaintiff's aforesaid agents caused damages to defendants.

FIFTH COUNTERCLAIM

96.    FRAUD

a)that Plaintiff made  representation of fact relating to Plaintiffs loan, contracts, and affiliates;

b)that Plaintiff's representations were false;

c)that said representations were material;

d)Plaintiffs knew of the representations falsity, or were ignorant of the truth;

e)the Plaintiffs had intent that said representations should be acted upon by the defendants in the

  manner reasonably contemplated;

f)that defendants, the injured parties, were ignorant of the falsity of said representations;

g)that defendants  relied on the truth of said representations;

h)that defendants had the right to rely thereon; and

I) that said false representations caused consequent and proximate injury to defendants.


## SIXTH COUNTERCLAIM

97.     RESCISSION

Equity requires that defendants' transactions with Plaintiffs should be rescinded because it was consummated through material misrepresentations as set forth above, even if fraud has been alleged but the facts do not rise to the level of actionable fraud:


## SEVENTH COUNTERCLAIM

98.     PRIMA FACIE TORT

a) Plaintiffs intended to damage corporate driving price down, and depriving individual defendant of profit

b)Plaintiffs had intent to cause ill will or knew their acts would damage defendants

c)Plaintiffs acts caused Damage to Corporate Defendant's Business or Trade

d)Plaintiffs acts not justifiable under circumstances


## EIGHTH COUNTERCLAIM

99.     NY GBL § 349

a)Plaintiff's acts or practices were deceptive business practices directed at consumer-oriented

borrower Defendants;

b)said acts or practices were misleading in a material respect; and

c)the defendants were injured as a result of the deceptive act or practice.

WHEREFORE, Defendants respectfully request that plaintiffs' complaint be denied  in its
entirety, and, that this Honorable Court enters judgment in favor of defendants on their
Counterclaims awarding :actual damages upon proof at trial ; as well as:

- Treble damages;

- Injunctive relief;

- Disgorgement of profits;

- Punitive damages;

 -Reasonable attorney fees and costs of litigation; and such other and further relief as to this court
seems just and proper.


Dated: January 24, 2016
Brooklyn, New York                              Yours, etc., /S/ RY6560

                                                 Robert Young, Esq.
                                                 Ellsworth, Young, LLP
                                                 1164 Manhattan Avenue
                                                 Brooklyn, NY 11222
                                                 718-875-8000
                                                 Rjy24@aol.com