UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| KBM WORLD WIDE INC. | : | Civil Action # CV - 15 - 7254 (SJF) (GRB) |
| Plaintiff, | : | |
| | : | REPLY MEMORANDUM OF LAW |
| -against- | : | |
| | : | |
| | : | |
| HANGOVER JOE'S HOLDING CORP. | : | |
| AND MATTHEW VEAL | | |
| Defendants | : | : |

_____

_____

MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN
FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
SEEKING DISMISSAL OF THE COMPLAINT ON THE GROUNDS THAT THE NOTE IS
CRIMINALLY USURIOUS

_____

Dated: Queens, New York
July 11, 2016

                                             ELLSWORTH & YOUNG LLP.
                                             By: /s/ Robert J. Young
                                             11 -11 44th Rd. - Suite 303
                                             Long Island City, NY 11101
                                             Telephone: (718) 875-8000
                                             Facsimile: (718) 797-5739
                                             Email: rjy24@aol.com
                                             Attorneys for Defendants

To: Robert P. Johnson, Esq.
NAIDICH WURMAN LLP
111 Great Neck Road, Suite 214
Great Neck, New York 11021
Tel No. (516) 498-2900
Fax No. (516) 466-3555
Email: rjohnson@nwlaw.com
Attorneys for Plaintiff

TABLE OF CONTENTS

PRELIMINARY STATEMENT………………………………………………………………1

ARGUMENT

1. The Facts Make Clear that the Subject Note Is Usurious. The Plaintiff has offered no evidence of a triable issue of fact warranting denial of theMotion for Summary Judgment……………………………………………………………………..1

II. Plaintiff's Arguments A-G in its Opposition to Defendant's Motion Are Unpersuasive And Raise no Triable Issue of Fact…………………………………2-6

CONCLUSION……………………………………………………………………….6

## PRELIMINARY STATEMENT

Defendants, HANGOVER JOE'S HOLDING CORP & MATTHEW VEAL ("Hangover" and "Veal"), by their attorney, Robert J. Young, Esq., Ellsworth & Young LLP, respectfully submit this Memorandum of Law in Reply to Plaintiff's Opposition and in further support of their motion for summary judgment dismissing the complaint based on the usurious terms of the subject note, dated January 2, 2015.

## ARGUMENT

**1. The Facts Make Clear that the Subject Note Is Usurious. The Plaintiff has offered no evidence of a triable issue of fact warranting denial of theMotion for Summary Judgment.**

The evidence supports the following facts:

The Note between KBM as lender and Hangover as Borrower is dated January 2, 2015, and has a maturity date of October 6, 2015.

While, the note states an interest rate of 8%, which purports to be due on October 6, 2015, the Note contains terms that provide a prepayment schedule as set forth in Exhibit D. As set forth in defendants' moving papers and which is not disputed by plaintiff, the note further provides that the lender has the right from 180 days after January 2, 2015, which is July 1, 2015, until the maturity date, which is October 6, 2015, to convert any or all of the debt into stock at a 45% discounted rate. This is the right of the lender and not the borrower with respect to conversion.

Effectively, the lender could, after 180 days, cause repayment of the note before it even becomes due by converting stock in satisfaction of all or part of the note.

As stated in defendants' moving papers, the 45% discount of the market value of the

stock to satisfy either part or all of the money owed amounts to a usurious rate of interest. The lender is effectively getting $78,182.00 worth of stock for repayment of the $43,000.00 note.

This amounts to interest of $35,182.00 on a $43,000.00 note, subjecting the borrower to an interest rate on this debt conversion of 81%. This rate is not based on the sale of stock to a third party as the Plaintiff would have this Court believe (see paragraph 1 of pg. 9 of Plaintiff's Opposition). As such, the Note, on its face, is usurious as the conversion subjects the borrower to 81% interest rate. The note should be deemed a nullity and the complaint should be dismissed

Further, Plaintiff has failed to raise any triable issue of fact that would warrant denial of defendants' Motion for Summary Judgment.

**2.     Plaintiff's Arguments A-G  in its Opposition to Defendant's Motion Are Unpersuasive And Raise no Triable Issue of Fact.**

Plaintiff's opposition sets forth arguments A-G which are based on inaccurate assertions of the facts, inapplicable case law and in some instances, both. In fact, plaintiff has failed to raise a triable issue of fact as is the standard when opposing a motion for summary judgment.

Moreover, it appears that the whole of plaintiffs arguments are based on an inaccurate premise that defendants based the usurious interest calculations on the profit to be made if the stock were sold to a third party after conversion. Defendant made no such calculations or representations. Defendants calculated the interest based solely on the 45% discounted rate of Hangover's stock. This is not based on any such hypothetical as the Plaintiff suggests.

Notwithstanding the above, each of Plaintiff's arguments delineated as A- G fail on their own. Argument 'A" states that defendant has not met its burden of establishing usury by clear and convincing evidence which is  the standard to be applied when asserting a usury defense. This argument falls short as defendants have  satisfied the applicable standards and demonstrated that the Note on its face is usurious. This is proven by the calculations as set forth

in defendants moving papers and reiterated herein. Plaintiff only makes self-serving, conclusory statements that defendants have not met their burden and strings together blurbs of case law without raising a single issue of fact to support its argument that, by virtue thereof, defendants have not met their burden. To the contrary, Defendants have shown by clear and convincing evidence that the note is criminally usurious i.e. that the interest rate is above 25%. The 45% discount of the market value of the stock to satisfy either part or all of the money owed amounts to a usurious rate of interest. The lender is effectively receiving $78,182.00 worth of stock for repayment of the $43,000.00 note. This is interest of $35,182.00 on a $43,000.00 note. This subjects the borrower to an effective interest rate on this debt conversion of 81%.

      Argument B fares no better. Plaintiff argues that the note is not criminally usurious because  it provides for a stated interest rate of 8% . Plaintiff does not make any reference to defendants' calculated interest rate nor does it raise any triable issue of fact. Instead, Plaintiff merely references the stated 8% interest rate, avoiding the issue entirely.  This interest rate is illusory as fully previously demonstrated by Defendants. Before the note even matures, the Plaintiff can convert the defendants' stock at a 45% discount from the market value. The defendant is never permitted to avail itself of the interest 8% interest rate. If defendant prepays the Note, it is subject to the prepayment interest penalties. If defendant does not prepay, the lender can then convert the stock at the usurious discounted rate..

      Plaintiff's Argument C, while correct that pre-payment provisions can not form the basis for a usury finding, is moot. Defendant is not asserting usury based upon prepayment penalties. To the contrary, defendants are  basing their usury defense on the discounted price of the stock conversion, notwithstanding that the prepayments penalties are, in effect,  usurious and that the prepayment penalties are actually considered to be "interest" by the IRS.

      Argument  "D" ("that the defendant  is not required to pay interest") in any event is

supported only by Plaintiff's mischaracterization of the Note and the applicable law. This is a complete spin on the facts at issue. The Plaintiff states that the purpose of the agreements was for defendant to sell unrestricted stock to the plaintiff, an investor. However, and contra, the crux of the complaint is that of breach of contract. Plaintiff cites cases in this argument in an effort to bolster its illusory position and, thus, spin the facts as the kind, supportive investor, and not the predator it is and for which it has become known. For example, Plaintiff would have this Court believe that if the Plaintiff were to pay "promptly" it could have avoid the conversion when, this is simply not the case. The prompt payment that the Plaintiff suggests can defeat conversion is actually prepayment of the note which subjects the defendant to high prepayment penalties. There is no action that the defendant can take, other than prepayment which would avoid the conversion. Plaintiff's own admissions in its opposition show the true nature of the devious agreement. Moreover, the interest is not calculated by defendant in relation to the sale of stock to a third party but the interest rate is calculated pursuant to the conversion discount. Plaintiff's entire opposition is based on a premise that is incorrect. The usurious interest rate is calculated from the discounted stock price and not from the sale of the stock to a third party.

   Plaintiff's Argument "E" that the defendant must be estopped from asserting a usury defense because of its "long time relationship with the plaintiff during which it executed a series of identical instrument under similar circumstances" is once again a spin on the facts and the applicable law. Plaintiff cites a string of cases which state no authority for the novel proposition advanced. The only bearing that these cases could have on a usury defense is when there exists a special relationship which is not the case in the matter at hand. A special relationship is defined as "attorney-client, fiduciary or trustee, or longstanding friendship or its equivalent." *Hufnagel v. George,* 135 F.Supp.2d 406 (S.D.N.Y.2001). See Ammirato v. Kew Realty Equities These cases deal specifically with loans where there exists a special relationship between the borrower and

lender, not so in this particular commercial setting.

Plaintiff cites one case as its "guiding precedent" in its Argument "F". However, the case is not applicable to the instant case because the alleged usurious interest was default interest which is not the case in the matter before this Court. *Asher vs. Digital* is distinguishable from the instant case as the Court in *Asher* found that the usury defense could not be sustained because it applied to default interest. In the matter at hand, the usurious interest does not arise from a default. However, the Asher case points specifically to plaintiffs' calculated and continued efforts to make illegal loans and to manipulate the Courts into enforcing the terms of such loans. In some instances, the plaintiff is a lender in others it characterizes itself as an investor. It is all about manipulating the Court into enforcing the illegal transactions and will seemingly go to great lengths to do so.

Finally, Plaintiff's Argument G that two of defendants' cited cases are distinguishable and therefore "lend no support to defendants' cause" is yet another example of plaintiff's faulty analysis of case law. In their memorandum of law, Defendants properly cited *Farei v. Rain* for the proposition that if usury can even be gleaned from the face of an instrument, intent will be implied and usury will be found as a matter of law (*see Fareri v Rain's Intl.*, 187 AD2d 481, 482 [2d Dept 1992]).This case clearly supports defendants' claim of usury in fact and in law. Even if the note was not usurious on its face, as in the instant case, the note is usurious even if it can be gleaned from the document. Either way, the subject Note is usurious.

Defendants also cited *Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc*.2013 NY Slip Op 01483 [105 AD3d 178]March 7, 2013 Appellate Division, First Department for the proposition that the usurious nature of the Note renders the Note void and the Complaint must be dismissed. The fact pattern of the Blue Wolf , case is of less import than the holding that if a Note is found to be usurious, it is void as a matter of law. Plaintiff's faulty interpretation of

defendants legal analysis should be disregard by the Court and instead the Court should apply the standard set forth in Blue Wolf and dismiss the within complaint. See *Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc.*2013 NY Slip Op 01483 [105 AD3d 178]March 7, 2013 Appellate Division, First Department. The Court in the instant case should find that the Note is usurious and dismiss the complaint.

> "Since ASI has successfully asserted criminal usury as an affirmative defense, the loan transaction and the associated note, loan agreement, and collateral agreement are void and unenforceable" (*see* General Obligations Law § 5-511 [unless lender is bank or savings and loan association, usurious transaction is void]; *Szerdahelyi v Harris*, 67 NY2d 42, 47-48 [1986]; *Hammelburger v Foursome Inn Corp.*, 54 NY2d 580, 590 [1981] ["it would be most inappropriate to permit a usurer to recover on a loan for which he could be prosecuted" (emphasis and internal quotation marks omitted)]; *Bietola v McCue*, 308 AD2d 416, 416-417 [1st Dept 2003]

Essentially the plaintiffs would have this Court accept the proposition that since they have gotten away with this activity in the past, that somehow the Court should turn a blind eye to the fact that this activity of charging usurious interest rates is, in fact, a crime. At the very least the Court should void the contract as it is based upon terms that are illegal and therefore unenforceable in any court. The plaintiff is trying to dance around this issue. In the end, plaintiff cannot escape the fact that this activity is criminal and can not be condoned by this or any Court.

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendants seek an Order granting summary judgment in Defendants' favor and dismissing the complaint in its entirety.

Dated: July 11, 2016
      Queens, NY

                                             ELLSWORTH & YOUNG LLP.
                                             By: /s/ Robert J. Young
                                             11 -11 44th Rd. - Suite 303
                                           Long Island City, NY 11101
                                           Telephone: (718) 875-8000
                                           Facsimile: (718) 797-5739
                                           Email: rjy24@aol.com
                                           Attorneys for Defendants