```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X     For Online Publication Only
KBM WORLDWIDE, INC.,
                                                                             **ORDER**
                                    Plaintiff,                               15-CV-7254 (JMA) (GRB)

              -against-
                                                                             **FILED**
                                                                             **CLERK**
HANGOVER JOE'S HOLDING CORPORATION and
MATTHEW VEAL,                                                                4/30/2019 4:12 pm

                                                                             **U.S. DISTRICT COURT**
                                    Defendants.                              **EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X     **LONG ISLAND OFFICE**
```

**AZRACK, United States District Judge:**

On December 21, 2015, plaintiff KBM Worldwide, Inc. ("Plaintiff") commenced this action against defendants Hangover Joe's Holding Corporation ("Corporate Defendant") and Matthew Veal ("Individual Defendant") to recover debt owed on a convertible promissory note. (ECF No. 1.) On August 29, 2018, Magistrate Judge Brown issued a Report & Recommendation ("R&R") recommending that Plaintiff's motion for a default judgment against the Corporate Defendant be granted but that calculation of damages be deferred pending the disposition of Plaintiff's claims against the Individual Defendant. (ECF No. 39.) On September 14, 2018, Judge Spatt adopted the R&R in its entirety. (ECF No. 42.) This case was reassigned to the undersigned shortly after. (ECF No. 43.)

On March 20, 2019, Plaintiff informed the Court that it wishes to discontinue the case as against the Individual Defendant and seeks judgment and a damages award against the Corporate Defendant only. (ECF No. 45.) Accordingly, Plaintiff's claim against the Individual Defendant is dismissed. And, for the following reasons, Plaintiff is awarded damages as described below.

## I. DISCUSSION

### A. Corporate Defendant's Default

The Corporate Defendant previously filed an answer and was initially represented by counsel. (ECF No. 14.) After the Corporate Defendant's counsel withdrew, it was advised that, because a corporate entity cannot proceed pro se, it must secure new counsel or else it would be in default. (Electronic Order dated March 6, 2017.) The record reflects that the Corporate Defendant did not retain new counsel and has since failed to appear or otherwise defend this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, as Magistrate Judge Brown previously found in his R&R, the allegations in the complaint are sufficient to establish the Corporate Defendant's liability for default on a promissory note, fraud in the inducement, breach of contract, and violations of Rule 10(b)-5(b).

### C. Damages

Plaintiff now requests an award of monetary damages against the Corporate Defendant. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v.

Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of $64,500 for the principal balance due on the convertible promissory note in addition to prejudgment interest from March 31, 2015 through the date final judgment is entered. The Court finds that Plaintiff's submissions, including the Affidavit of Seth Kramer in support of the motion for a default judgment, together with the exhibits annexed to the Complaint, establish the damages to a reasonable certainty, including prejudgment interest of 9% per annum. Accordingly, Plaintiff is awarded $64,500 in damages and $23,713.02 in prejudgment interest calculated through the date of this Order for a total award of $88,213.02.

## II. CONCLUSION

For the reasons stated above, the Clerk of the Court is directed to enter judgment against the Corporate Defendant as follows: defendant Hangover Joe's Holding Corporation is liable to plaintiff KBM Worldwide, Inc. in the amount of $88,213.02. Plaintiff's claim against defendant Matthew Veal is dismissed.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: April 30, 2019
       Central Islip, New York

                                          /s/    (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE